# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA® AND ZOMETA® PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ) | No. 3:06-MD-1760 |
| (MDL No. 1760) ) | Judge Campbell/Brown |
| ) | |
| This Document Relates to: ) | |
| 3:6-cv-00960 (*Waller*) ) | |

## ORDER

On November 14, 2013, attorney Daniel Osborn ("counsel") filed a motion to substitute the late Yvonne Waller's husband, Mr. Kenneth Waller, and one of the late Ms. Waller's daughters, Kimberly King-Gibson, as co-plaintiffs in this case. (MDL Doc. 7128; Related Case 73) NPC responded to the motion on December 2, 2013. (MDL Doc. 7171; Related Case 76) Defendant Novartis Pharmaceuticals Corporation (NPC) does not object to the substitution of Ms. King-Gibson. However, NPC does object to Mr. Waller "because, despite numerous opportunities to perfect his position, he still has no legal authority to act on behalf of Mrs. Waller's estate to either continue or revive this survival action under Kentucky law." (MDL Doc. 7171; Related Case 76) Council for plaintiff filed a reply on December 16, 2013, in which he argues that "under Kentucky law, a personal representative has the authority to employ others to assist with administrative duties and/or perform any act of administration," therefore Ms. King-Gibson has the authority to appoint Mr. Waller as co-plaintiff in this case. (MDL Doc. 7229, p. 2; Related Case 78) The tortuous path taken regarding Mr. Waller's substitution in this case is recapped below.

NPC filed a suggestion of death in this case on November 14, 2012, advising the court that Ms. Waller died on July 18, 2012. (MDL Doc. 6259; Related Case 16) Counsel filed a motion to

substitute Mr. Waller provisionally on February 12, 2013. (MDL Doc. 6376; Related Case 22) Counsel noted in the motion that the late Ms. Waller died intestate, and that she was survived by her late husband, Kenneth Waller, and three children, Stacey King, Kimberly King, and Kevin King. (MDL Doc. 6376, ¶ 4, p. 1; Related Case 22) Counsel represented further that:

> Mr. Waller has contacted the probate court in Jefferson County Kentucky and obtained the legal forms necessary to request the court appoint him as administrator of Ms. Waller's estate. Mr. Waller is in the process of completing the forms and taking the requisite steps to secure the right to administer the estate of Ms. Waller, or otherwise gain the legal authority to continue this suit. It is anticipated that Mr. Waller's application will not be opposed and that he will be granted such authority.
>
> As soon as practicable after it is available, Mr. Waller shall provide the Court with a copy of the Order(s) or other legal authority giving him the power to act on behalf of the decedent's estate.

(MDL Doc. 6376, ¶¶ 5-6, p. 1; Related Case 22)

NPC did not oppose the motion, and based on the representations of counsel, the Magistrate Judge entered an order on March 4, 2013 granting provisional substitution for Mr. Waller, and directing "[c]ounsel . . . to either provide the Court with the actual letters appointing Mr. . . . Waller as administrator of the estate on or before April 8, 2013, or a motion for an extension of time with an anticipated date that the letters will actually be issued." (MDL Doc. 6423; Related Case 25)

Council responded to the order above on April 8, 2013. (MDL Doc. 6566; Related Case 34) Counsel "request[ed] an additional 60 days to obtain and file letters appointing him as administrator" of his late wife's estate. Counsel represented further that "Mr. Waller has contacted his local probate court and he is discussing the procedure with his children." The Magistrate Judge granted the additional time requested on April 16, 2013. (MDL Doc. 6566; Related Case 37)

On June 13, 2013, counsel requested a further 30-day extension of time without explanation.

2

(MDL Doc. 6735; Related Case 47) The Magistrate Judge granted the additional 30-day extension of time on July 1, 2013 with the following instructions:

> Inasmuch as plaintiff likely has been working to resolve this issue since he filed his motion on June 13, 2013, plaintiff shall file the required letters of administration NOT LATER THAN July 15, 2013. If a further extension of time is required, plaintiff shall inform the Magistrate Judg of the nature of the difficulties being encountered, and when it may be expected that the letters of administration will be issued.

(MDL Doc. 6779; Related Case 50)

On July 15, 2013, counsel requested another 30-day extension of time. (MDL Doc. 6816; Related Case 52) Offering no explanation whatsoever, counsel failed to comply with the Magistrate Judge's specific instructions in his June 13, 2013 order.

NPC responded in opposition to the motion on July 19, 2013, and moved to vacate the court's March 4, 2013 order granting provisional substitution and to dismiss. (MDL Doc. 6836; Related Case 53) The Magistrate Judge withheld ruling on counsel's July 15, 2013 motion pending resolution of NPC's motions to vacate and dismiss.

NPC's motions were denied on November 5, 2013. (MDL Doc. 7011, 7107; Related Case 60, 70) Thereafter, on November 13, 2013, the Magistrate Judge denied counsel's July 15, 2013 motion for an extension of time, and instructed counsel as follows:

> Plaintiff shall do one or the other of the following not later than November 15, 2013: 1) file the letters appointing plaintiff [Mr. Waller] as administrator of the estate of the late Ms. Waller as ordered; or 2) show cause why this case should not be dismissed for failure to prosecute and/or for failure to comply with the orders of the court, and/or why other sanctions should not be recommended.

(MDL Doc. 7124; Related Case 71)

As already noted at p. 1, counsel filed the instant motion November 14, 2013 to substitute

Mr. Waller and Ms. King-Gibson as co-plaintiffs. (MDL Doc. 7128; Related Case 73) Counsel has provided the required documentation to substitute Ms. King-Gibson. (MDL Doc. 7128, Ex. A-B; Related Case 73) However, counsel has yet again provided nothing pertaining to Mr. Waller, despite the time and effort on the court's part since March to ensure that Mr. Waller has been afforded every opportunity to obtain the necessary legal authority to continue this action and to submit proof of that authority to the court.

The motion to substitute (MDL Doc. 7128; Related Case 73) is **GRANTED IN PART AND DENIED IN PART**. The motion to substitute Ms. King-Gibson is **GRANTED**. The motion to substitute Mr. Waller is **DENIED**. The authority under Kentucky law to "employ others to assist with administrative duties and/or perform any act of administration" of a deceased party's estate does not qualify Mr. Waller for substitution as a co-plaintiff in this action. Nor does Ms. King Gibson, having been substituted as plaintiff in this case, have the authority to summarily appoint Mr. Waller as a co-plaintiff simply because she says so.

Given that Mr. Waller appears no closer to perfecting his position *vis-a-vis* this case than he was nine months ago when the Magistrate Judge granted the motion for provisional substitution, and given that counsel has consistently failed to comply with the orders of the court regarding Mr. Waller's qualifications to proceed in this case, the Magistrate Judge's March 4, 2013 order granting provisional substitution (MDL Doc. 6423; Related Case 25) is hereby **VACATED**.

Counsel's conduct in this matter suggests a pattern of wilful disregard for the orders of the court. Accordingly, Mr. Osborn is **ORDERED** to pay a sanction to the court in the amount of $100.00 for the blatant disregard for the orders of the court described herein. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *Youn v. Track Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)(both cases standing for the proposition that the district court has the inherent power to sanction a party

4

when that party refuses to comply with the court's orders). Mr. Osborn shall pay the sanction not later than January 20, 2014.

It is so **ORDERED**.

**ENTERED** the 20th Day of December, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge